**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Shenzhenshi Xixihaina Maoyi Youxiangongsi, d/b/a "DEHOYI", a corporation organized under the laws of the People's Republic of China; Shenzhenshi Yunqishidai Dianzishangwu Youxiangongsi, d/b/a "Mudygelay Direct", a corporation organized under the laws of the People's Republic of China.<br><br>Plaintiffs,<br><br>v.<br><br>ERNST MANUFACTURING, INC., an Oregon corporation,<br><br>Defendant. | Case No. 4:26-cv-9440<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. Plaintiffs bring this action to resolve Defendant Ernst Manufacturing, Inc.'s assertions that tool organizers sold through Plaintiffs' DEHOYI and Mudygelay Direct storefronts infringe U.S. Patent No. 12,629,813 (the "'813 Patent"). Ernst submitted patent complaints to Amazon identifying Plaintiffs' product listings. Amazon deactivated Mudygelay's accused listings and subsequently disposed of inventory associated with those listings. Ernst's separate complaint against DEHOYI subjected its accused listings to Amazon's patent-evaluation and takedown procedures. Plaintiffs dispute infringement and seek declarations resolving the parties' rights concerning the accused products.

## II. PARTIES

2. Plaintiff Shenzhenshi Xixihaina Maoyi Youxiangongsi is a company organized under the laws of the People's Republic of China, with its registered address in Shenzhen, China. It manufactures, distributes, and sells tool organizer products, including through its Amazon storefront "DEHOYI" (Seller ID: AKF85JW3NY5UG), and is referred to herein as "DEHOYI."

3. Plaintiff Shenzhenshi Yunqishidai Dianzishangwu Youxiangongsi is a company organized under the laws of the People's Republic of China, with its registered address in Shenzhen, China. It manufactures, distributes, and sells tool organizer products, including through its Amazon storefront "Mudygelay Direct" (Seller ID: A3Q4XHXWVUKG9I), and is referred to herein as "Mudygelay." DEHOYI and Mudygelay are collectively referred to as "Plaintiffs."

4. Defendant Ernst Manufacturing, Inc. ("Ernst" or "Defendant") is an Oregon corporation with its principal place of business at 37570 Ruben Lane, Sandy, Oregon 97055. Ernst is identified as the assignee of the '813 Patent, entitled "Tool Organizer," which issued on May 19, 2026, from an application filed on April 18, 2024. The patent claims the benefit of a provisional application filed on April 19, 2023. A copy of the '813 Patent is attached as **Exhibit A**.

5. Plaintiffs sell tool organizer products through their respective Amazon storefronts. Their claims arise from Ernst's assertion of the same patent against products having the same relevant second-wall configuration through Amazon's enforcement procedures. The claims present common questions concerning claim construction, infringement, and validity. Joinder is therefore proper under Federal Rule of Civil Procedure 20(a)(1).

## III. NATURE OF THE ACTION

6. Plaintiffs seek declaratory relief under 28 U.S.C. § 2201(a). They request a declaration that the products identified in Ernst's complaints do not infringe the '813 Patent.

7. Plaintiffs also challenge the validity of Claim 1 under 35 U.S.C. § 102(a)(1), based on the prior-art disclosures and products identified below.

8. Ernst's infringement assertions have created an actual dispute concerning Plaintiffs' ability to market and sell the accused products. Plaintiffs seek judicial resolution of that dispute and further relief authorized by 28 U.S.C. § 2202.

## IV. JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1338(a) because Plaintiffs seek judgment of noninfringement and invalidity of the '813 Patent. This Court also has federal-question jurisdiction under 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiffs' related state-law claims under 28 U.S.C. § 1367(a). Those claims arise from the same patent assertions, Amazon complaints, and resulting interference with Plaintiffs' commercial activities that give rise to the patent claims.

11. This Court has specific personal jurisdiction over Ernst under Federal Rule of Civil Procedure 4(k)(1)(A). Texas's long-arm statute extends to the limits permitted by federal due process. *Jack Henry & Assocs., Inc. v. Plano Encryption Techs., LLC*, 910 F.3d 1199, 1203–04 (Fed. Cir. 2018). Specific jurisdiction requires purposeful direction toward the forum, a claim arising out of or relating to the defendant's forum contacts, and an exercise of jurisdiction consistent with fair play and substantial justice. *SnapRays v. Lighting Def. Grp., LLC*, 100 F.4th 1371, 1374–75 (Fed. Cir. 2024).

12. Ernst submitted separate complaints to Amazon identifying products offered through Plaintiffs' respective storefronts and requesting enforcement of the '813 Patent against those products. Ernst thereby invoked procedures capable of disabling the identified

listings and preventing further sales through them. The accused products were held for Amazon fulfillment at facilities in this District, including HOU2, located at 10550 Ella Boulevard, Houston, Texas, and HOU6, located at 10507 Harlem Road, Richmond, Texas.

13. Amazon deactivated Mudygelay's accused listings in response to Ernst's complaint, preventing sales through those listings and leaving associated inventory stranded, including inventory held at HOU2 and HOU6. Amazon subsequently generated automated disposal orders covering the accused products. Those orders report the disposal of 2,230 units. Separately, Mudygelay's inventory at HOU2 decreased by 47 units on October 16, 2026, and its inventory at HOU6 decreased by 27 units on October 18, 2026. Mudygelay's claims concern Ernst's enforcement against the listings through which those products were offered for sale.

14. Ernst also maintains commercial channels available to Texas purchasers. Its website accepts direct orders and advertises shipping throughout the United States. Ernst identifies Northern Tool as both an online distributor and a retail outlet for its products. Northern Tool markets Ernst products and operates 38 stores in this District, including its North Houston location at 14950 North Freeway, Houston, Texas.

15. Exercising jurisdiction is consistent with fair play and substantial justice. This dispute concerns the effect of Ernst's enforcement on commercial activities involving physical inventory and fulfillment facilities in Texas. Texas has an interest in resolving disputes affecting those activities, and Plaintiffs have an interest in obtaining effective relief concerning the accused products held and fulfilled here.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred here. Ernst's complaints sought to prevent sales of the accused products through listings associated with inventory held and fulfilled at HOU2 and HOU6. Amazon's deactivation of Mudygelay's listings prevented sales of the affected inventory, including inventory held in this District. Ernst's complaint against DEHOYI likewise placed in controversy sales through listings associated with actual fulfillment activity at those facilities. Plaintiffs' claims concern these enforcement measures and their interference with the commercial activities described above.

## V. GENERAL FACTS

### A. The '813 Patent and Amazon's Enforcement Procedures

17. Amazon provides procedures through which patent owners may submit infringement complaints identifying particular product listings. In this dispute, Amazon deactivated Mudygelay's identified listings after receiving Ernst's complaint. Amazon separately notified DEHOYI that its identified listings would be removed unless DEHOYI pursued one of the responses specified in Amazon's notice. These procedures affected Plaintiffs' ability to sell products through the identified listings.

18. Removal of a product listing and disposal of physical inventory are distinct events. Deactivation prevents sales through the affected listing. Inventory remaining without an active offer may become stranded and subject to Amazon's automated removal procedures. The orders at issue here identify their type as "Disposal" and their source as the "Automated Stranded Removal System."

19. Plaintiffs dispute that their accused products infringe the '813 Patent. They also challenge the validity of Claim 1 on the grounds alleged below. Ernst's complaints have

required Plaintiffs to defend their ability to sell the accused products and have resulted in the commercial consequences described in this Complaint.

**B. Defendant's Complaint Against DEHOYI**

20. On or about August 4, 2026, Amazon notified DEHOYI of a patent infringement complaint submitted by Ernst asserting the '813 Patent, identified as Complaint ID 21447945671. The complaint concerned the following ASINs on DEHOYI's storefront: B0F1YZSMX7, B0DCZ5X7RP, B0DKPFZ8Y5, B0DGVVPVVJ, B0F8P1X5B3, B0F1YWJXCS, B0DQF8VJ59, B0DS64P92Y, B0DS62YBSV, and B0DQF9Y7KQ (collectively, the "DEHOYI ASINs"). The products associated with those listings are referred to as the "DEHOYI Products." A copy of Amazon's notice is attached as **Exhibit B**.

21. Amazon's notice advised DEHOYI that it could respond by resolving the complaint with Ernst, participating in Amazon's neutral patent-evaluation procedure, or filing a federal action seeking a declaration of noninfringement. The notice stated that failure to pursue an available response would result in removal of the identified listings. DEHOYI disputes Ernst's infringement allegations and seeks a judicial determination permitting continued sales of the accused products.

22. Ernst previously submitted a separate complaint concerning DEHOYI's products under U.S. Design Patent No. D1,119,501. Amazon subsequently reinstated the affected listings and stated that the restriction had been applied in error. Copies of the relevant notices are attached as **Exhibits C and D**. That earlier complaint involved a different patent from the '813 Patent asserted in this action.

23. Plaintiffs previously sought declaratory and related relief against Ernst in the United States District Court for the Northern District of Illinois, Case No. 1:26-cv-10163. That action

was filed on August 26, 2026, and was subsequently dismissed. Plaintiffs now assert jurisdiction and venue in this District based on the Texas contacts and events alleged in this Complaint.

**C. Defendant's Complaint Against Mudygelay and the Subsequent Inventory Disposal**

24. On or about July 31, 2026, Amazon notified Mudygelay of a patent infringement complaint submitted by Ernst asserting the '813 Patent, identified as Complaint ID 21008874091. The complaint concerned ASINs B0F6TP47P3, B0FNMJD8SH, and B0F6VLZTWT (collectively, the "Mudygelay ASINs"). The products associated with those listings are referred to as the "Mudygelay Products." Mudygelay appealed to Amazon, which denied the appeal on August 4, 2026. A copy of Amazon's notice is attached as **Exhibit E**. The DEHOYI Products and Mudygelay Products are collectively referred to as the "Accused Products."

25. Amazon removed the Mudygelay ASINs from Amazon.com immediately upon Ernst's complaint, without an evaluation period.

26. On or about July 31, 2026, Mudygelay submitted a written appeal to Amazon disputing infringement and providing a technical and photographic comparison of the Accused Products and the '813 Patent. The appeal explained Mudygelay's position that its products do not satisfy Claim 1. A copy is attached as **Exhibit F**.

27. On October 13, 2026, counsel for Mudygelay submitted a written noninfringement opinion to Amazon concerning the Mudygelay Products. The submission included a comparison addressing Claims 1 through 13 of the '813 Patent. A copy of the opinion and its accompanying claim chart is attached as **Exhibit G**.

28. Mudygelay also requested preservation of the affected inventory while the patent dispute was reviewed. Despite its efforts to prevent disposal, Amazon's Automated Stranded

Removal System generated disposal orders concerning the Mudygelay Products on October 15 and October 20, 2026.

29. The October 15 disposal order reports 1,925 units disposed of. The October 20 disposal order reports an additional 305 units disposed of. Mudygelay consequently lost 2,230 units of inventory and incurred disposal charges, in addition to the interruption of sales through its deactivated listings.

**D. Claim Construction and the Accused Products**

30. The ’813 Patent contains thirteen claims. Claim 1 is the sole independent claim, and Claims 2 through 13 depend directly or indirectly from Claim 1. Claim 1 requires, among other limitations, a second wall having a “multi-sloped profile for providing a surface for abutting a portion of a face of a tool.” ’813 patent claim 1.

31. Claim terms generally receive their ordinary and customary meaning to a person of ordinary skill in the art, considered in the context of the claims, specification, and prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–15 (Fed. Cir. 2005) (en banc). The specification informs that meaning, but limitations from a disclosed embodiment should not be imported into a claim merely because the embodiment contains them. *Id*. at 1323.

32. Plaintiffs contend that the disputed phrase must be construed as a whole, including the relationship between the second wall’s profile and its stated tool-abutting function. The specification’s illustrated geometry informs that inquiry, but Plaintiffs do not contend that Claim 1 necessarily requires curved surfaces, a particular inflection line, or the precise dimensions of the illustrated embodiment.

33. Claim 10 separately specifies a lower portion having one pitch and an upper portion having a steeper pitch. The existence and scope of that additional limitation must be considered

when construing Claim 1. Plaintiffs dispute that every change in wall angle necessarily satisfies Claim 1's complete limitation.

34. The Accused Products have a second wall comprising two planar facets joined at a crease in the lower portion of the wall. In the tool-placement configuration on which Plaintiffs rely, the tool rests against the upper facet, while the lower facet does not contact it. Plaintiffs contend that this configuration does not satisfy the disputed limitation as properly construed.

35. Plaintiffs' noninfringement position rests on the limitations of the asserted claims and their application to the Accused Products. Differences in branding, exterior texture, or overall appearance are not asserted as independent grounds for avoiding infringement of this utility patent.

36. Infringement requires comparison of the accused product with each limitation of the properly construed claim. *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1356 (Fed. Cir. 2005). Plaintiffs contend that the second-wall configuration described above does not literally satisfy Claim 1's disputed limitation. Because every dependent claim incorporates Claim 1, the absence of that limitation would also defeat literal infringement of those dependent claims.

37. The doctrine of equivalents applies to individual claim limitations rather than the invention as a whole. *Id.* at 1358. Plaintiffs further contend that the accused wall's geometry and manner of supporting a tool differ substantially from the structure and operation required by the disputed limitation. Plaintiffs therefore dispute infringement under the doctrine of equivalents as well as literal infringement.

**E. Additional Dependent-Claim Limitations**

38. Plaintiffs also assert product-specific grounds for noninfringement of certain dependent claims. These additional grounds apply only to the claims and product configurations identified below.

39. Claim 4 adds a forwardly angled shelf positioned atop a lowered section of the multi-sloped profile. Plaintiffs dispute infringement of Claim 4 for the reasons asserted concerning the incorporated limitations of Claim 1.

40. Claim 5 additionally requires base cleats that bite into the supporting surface to reduce sliding. The Accused Products have smooth base edges without such cleats. Plaintiffs contend that this absence provides an additional ground for noninfringement of Claim 5.

41. Claim 8 requires a combination including a base member with multiple tool-receiver channels. Claim 9 requires multiple tool-receiver channels in each base member. Each accused base member has a single channel. Joining separate single-channel base members does not itself create multiple channels within an individual base member.

42. Claim 12 requires an installed magnet in the magnet-receiving portion. The accused models supplied without magnets lack that additional limitation. Plaintiffs do not assert the absence of a magnet as a ground for noninfringement of accused models that contain magnets.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**(28 U.S.C. §§ 2201, 2202; 35 U.S.C. § 271)**

43. Plaintiffs reallege and incorporate by reference the preceding paragraphs.

44. Declaratory relief is available under 28 U.S.C. § 2201(a) when an actual controversy exists within the Court's jurisdiction. The dispute must have "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

45. An actual controversy exists between each Plaintiff and Ernst. Ernst asserted the ’813 Patent against specifically identified products through separate Amazon complaints. Amazon deactivated Mudygelay’s accused listings and subjected DEHOYI’s accused listings to patent-enforcement procedures. Plaintiffs dispute infringement and seek to sell the same Accused Products without the restrictions arising from Ernst’s assertions.

46. For the reasons alleged above, Plaintiffs contend that the Accused Products do not satisfy every limitation of Claim 1, either literally or under the doctrine of equivalents. Plaintiffs also assert the additional, product-specific grounds concerning dependent claims described above. Plaintiffs deny direct infringement and deny that their conduct induces or contributes to infringement by others.

47. Plaintiffs request a declaration that their manufacture, use, offers for sale, sales, and importation of the Accused Products, in the configurations placed in controversy by Ernst’s complaints, do not infringe the ’813 Patent.

## COUNT II

## DECLARATORY JUDGMENT OF PATENT INVALIDITY (28 U.S.C. §§ 2201, 2202; 35 U.S.C. § 282)

48. Plaintiffs reallege and incorporate by reference the preceding paragraphs.

49. Plaintiffs challenge Claim 1 under 35 U.S.C. § 102(a)(1). Anticipation requires a single qualifying prior-art disclosure containing every claim limitation, arranged as required by the claim. *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369–71 (Fed. Cir. 2008).

50. Plaintiffs rely on the earlier ToolBox Widget modular tool organizers identified in the listing and review materials attached as **Exhibit H**. Those materials reflect public availability before April 19, 2023, the earliest benefit date claimed by the ’813 Patent. Plaintiffs identify

earlier organizers having interconnectable base members, tabs and corresponding receiving structures, and tool-receiving channels with differently angled wall portions.

51. An additional potentially relevant disclosure is U.S. Patent No. 11,110,589, entitled "Interchangeable and Interconnectable Tool Organizing Device," which issued on September 7, 2021. Its issuance predates the earliest benefit date claimed by the '813 Patent. Plaintiffs rely on the disclosure of that patent as prior-art evidence, rather than treating its earlier issuance as independently establishing invalidity.

52. Plaintiffs contend that Claim 1 is anticipated by the earlier ToolBox Widget organizer identified above. Their contention concerns the claimed combination as a whole and the arrangement of its constituent structures. Plaintiffs further contend that a construction broad enough to encompass the accused second-wall configuration must be applied consistently when evaluating the earlier organizer's wall configuration.

53. Plaintiffs request a declaration that Claim 1 is invalid. They do not contend that invalidity of Claim 1, standing alone, necessarily establishes invalidity of its dependent claims.

54. Plaintiffs request reasonable attorney's fees under 35 U.S.C. § 285 if they prevail and the Court determines that the case is exceptional. Exceptionality depends on the totality of the circumstances, including the substantive strength of the parties' positions and the manner in which the case is litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

**JURY DEMAND**

55. Plaintiffs demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment in their favor granting the following relief:

1. A declaration that Plaintiffs' manufacture, use, offers for sale, sales, and importation of the Accused Products, in the configurations placed in controversy by Ernst's complaints, do not infringe the '813 Patent, directly or indirectly, literally or under the doctrine of equivalents;

2. A declaration that Claim 1 of the '813 Patent is invalid;

3. Further relief necessary or proper to give effect to the Court's declarations under 28 U.S.C. § 2202;

4. An award of reasonable attorney's fees under 35 U.S.C. § 285 upon a determination that this is an exceptional case;

5. An award of taxable costs under Federal Rule of Civil Procedure 54(d)(1), limited to costs authorized by 28 U.S.C. § 1920; and

6. Such other relief as the Court deems just and proper.

Dated: October 27, 2026

Respectfully submitted,
/s/ *Mingzi "Marjorie" Ouyang*
Mingzi "Marjorie" Ouyang (SBN 314334)
Valley & Summit Law P.C.
One Park Plaza, Suite 600
Irvine, CA 92614
marjorie.ouyang@valleysummitlaw.com
(909) 248-4522
Attorney for Plaintiffs